1

2

3

4              UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7   GENNADY SHNAYDER,                    Case No.  23-cv-01811-AMO

                    Plaintiff,
8
                                         ORDER GRANTING MOTION TO
9          v.                            CONSOLIDATE, APPOINT LEAD
                                         PLAINTIFF, AND APPOINT LEAD
10  ALLBIRDS, INC., et al.,              COUNSEL

                    Defendants.          Re: Dkt. Nos. 19, 22, 26, and 30
11

12

13         Pending before the Court are four putative class members' motions requesting

14  consolidation, appointment of lead plaintiff, and approval of lead counsel pursuant to the Private

15  Securities Litigation Reform Act of 1995 ("PSLRA").  For the reasons set forth below, the Court

16  grants the motion to consolidate *Shnayder v. Allbirds*, Inc. et al, Case No. 23-1811, with *Delgado*

17  *Jr. v. Allbirds, Inc. et al*., Case No. 23-2372, and appoints Yau Noi and Qu Jinghua (together, the

18  "Noi-Jinghua Family") lead plaintiffs and appoints Pomerantz LLP as interim class counsel.

19  **I.      CONSOLIDATION**

20         The PSLRA instructs that before appointing lead plaintiff, a court first considers any

21  motions to consolidate actions that assert "substantially the same claim or claims."  15 U.S.C.

22  § 78u-4(a)(3)(B)(ii).  Under Federal Rule of Civil Procedure 42(a), a court may order to

23  consolidate actions that "involve a common question of law or fact."  District courts have "broad

24  discretion" to consolidate actions under Rule 42(a).  *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-

25  JST, 2016 WL 10672428, at *1 (N.D. Cal. 2016) (quoting *Investors Research Co. v. Dist. Court*,

26  877 F.2d 777, 777 (9th Cir. 1989)).  Courts have found that securities class actions brought under

27  the PSLRA "are particularly well suited to consolidation pursuant to Rule 42(a)."  *Hessefort v.*

28  *Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (quoting *Miami Police*

United States District Court
Northern District of California

*Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-05368-LHK, 2014 WL 2604991, at *3 (N.D. Cal. June 10, 2014)).

All four sets of papers filed seek to consolidate this case, *Gennady Shchnayder v. Allbirds, Inc. et al.*, Case No. 3:23-cv-1811-AMO, with *Gilberto Delgado, Jr., v. Allbirds, Inc. et al.*, Case No. 3:23-cv-2372-VC. *See* ECF 19, 22, 26, and 30. The cases are both putative class actions that involve nearly identical legal claims and factual issues. Both actions are brought on behalf of persons or entities that purchased Allbirds, Inc. ("Allbirds") Class A common stock in connection with its initial public offering and/or who purchased Allbirds securities between November 4, 2021, and March 9, 2023. *See Shnayder*, Case No. 3:23-cv-1811-AMO, Compl., ECF 1, ¶ 1; *Delgado Jr.*, Case No. 3:23-cv-2372-VC, Compl., ECF 1, ¶ 1. Both actions allege identical claims against Allbirds, including violations of Sections 11 and 15 of the Securities Act and Sections 20(a), 10(b), and Rule 10b-5 of the Exchange Act. *Id.*

Because the Court concludes that the cases assert substantially the same PSLRA claims and involve similar questions of law and fact, it hereby **GRANTS** the motions to consolidate the Related Cases.

## II.     APPOINTMENT OF LEAD PLAINTIFF

The Court next takes up the motion to appointment of lead plaintiff. The Ninth Circuit instructs district courts to follow a three-step process for determining appointment of lead plaintiff in private securities actions arising under the PSLRA. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Xu v. FibroGen, Inc.,* No. 21-cv-02623-EMC, 2021 WL 3861454, at *3 (N.D. Cal. Aug. 30, 2021). First, a plaintiff must satisfy the PSLRA's notice requirement by publishing a notice "in a widely circulated national business-oriented publication or wire service" advising members of the putative class of the pending action within 20 days of filing the complaint. 15 U.S.C. § 78u-4(3)(A)(i). Second, the Court must appoint the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(3)(B)(i). There is a rebuttable presumption that the "most adequate plaintiff" is the person who (1) filed the complaint or made a motion in response to the notice; (2) has the largest financial interest; and (3) otherwise satisfies Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see Cavanaugh*, 306 F.3d

United States District Court
Northern District of California

United States District Court
Northern District of California

729-30 (describing the PSLRA process for appointing lead plaintiff).  Third and finally, the Court must consider any contentions by the putative class members to rebut the presumption that the most adequate plaintiff will satisfy Rule 23(a)'s typicality and adequacy requirements.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Court first examines whether the notice requirement is satisfied.  On April 13, 2023, the *Schnayder* complaint was filed.  *See* ECF 1.  On the same day, the notice required by the PSLRA was published on *Business Wire*, announcing the securities litigation against Allbirds and advising class members of their sixty-day window to move for appointment of lead plaintiff.  ECF 30 at 13.  The Noi-Jinghua Family filed their motion for appointment of lead plaintiff on June 12, 2023, within the sixty-day window.  *Id.*  Thus, the notice requirement is satisfied because the notice was published within 20 days of the *Schnayder* complaint's filing and because the Noi-Jinghua Family filed their motion to be appointed lead plaintiff within 60 days of the notice's publication.

Next, the Court considers whether the Noi-Jinghua Family are the most capable plaintiffs to adequately represent the interest of the class members.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(iii).  As noted above, the most capable plaintiff "is the one who has the greatest financial stake in the outcome of the case."  *In re Cavanaugh*, 306 F.3d at 730.  District courts often consider four factors in evaluating a plaintiff's financial stake, including the total number of shares and net shares purchased during the class period, total net funds expended during the class period, and the approximate losses during the class period.  *Melucci v. Corcept Therapeutics Incorporated*, No. 19-cv-01372-LHK, 2019 WL 4933611 at *3 (N.D. Cal. Oct. 7, 2019) (quoting *In re Olsten Corporation Securities Litigation*, 3 F. Supp. 2d 286, 295 (E.D.N.Y 1998)).  Here, the Noi-Jinghua Family purchased 137,605 total shares, retained 64,048 shares, expended $1,252,666 on its purchase of shares, and incurred a total loss of $440,105.  ECF 30 at 15.  No movant contests that the Noi-Jinghua Family has the largest financial interest at stake.  *See* ECF 40; ECF 42; ECF 43.  Thus, the Court finds that the members of the Noi-Jinghua Family are the movants with the largest financial interest at stake, ECF 30 at 14, and thus are the plaintiffs most adequate to represent the class's interests.

Finally, the Court examines whether the Noi-Jinghua Family satisfies the Rule 23 typicality and adequacy requirements at this preliminary stage. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Court asks the following inquiries to assess typicality: "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hessefort*, 317 F. Supp. 3d at 1061 (quoting *City of Royal Oak Ret. Sys. V. Juniper Networks, Inc.*, No. 5:11-cv-04003-LHK, 2012 WL 798780, at *5 (N.D. Cal. Jan. 9, 2012)). The Court, in assessing a lead plaintiff's adequacy, asks whether the plaintiff will "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), as well as whether plaintiff and counsel have any conflicts of interest with other class members and will "prosecute the action vigorously." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (citation omitted). The Noi-Jinghua Family asserts that its injury, like those typical to the rest of the class, stems from purchasing Allbirds securities at "prices artificially inflated by Allbirds' misrepresentations and/or omissions," and that they were damaged like the rest of the class by the disclosure of the "misrepresentations and/or omissions that drove . . . share prices downward." ECF 30 at 16. The Noi-Jinghua Family further alleges that it does not have any conflicts with other class members, unique defenses that would render them inadequate as lead plaintiff, and that it will vigorously prosecute the claims on behalf of the class. *Id.* at 17-18. Additionally, none of the other present class members assert that the Noi-Jinghua Family will not adequately represent the class. Indeed, they have filed statements of non-opposition to the Noi-Jinghua Family's motion for lead plaintiff and lead counsel unopposed. *See* ECF 44.

Because the Noi-Jinghua Family meets the statutory requirements to serve as lead plaintiff, the Court hereby **GRANTS** their uncontested motion for appointment as lead plaintiffs under Title 15 U.S.C. § 78u-4(a)(3). Having appointed the Noi-Jinghua Family, the Court proceeds to the appointment of interim lead counsel.

## III.   APPOINTMENT OF INTERIM LEAD COUNSEL

The Noi-Jinghua Family seeks appointment of Pomerantz LLP ("Pomerantz") as interim lead counsel. ECF 30 at 18. The PSLRA expressly provides that "[t]he most adequate plaintiff

United States District Court
Northern District of California

1  shall, subject to the approval of the court, select and retain counsel to represent the class." 15

2  U.S.C. § 78u-4(a)(3)(B)(v).  The district court should generally defer to lead plaintiff's choice for

3  lead counsel if their choice is reasonable.  *Cohen v. U.S. Dist. Ct. for N. Dist. Of Cal.*, 586 F.3d

4  703, 712 (9th Cir. 2009).  Federal Rule of Civil Procedure 23(g)(3) authorizes courts to "designate

5  interim counsel to act on behalf of a putative class before determining whether to certify the action

6  as a class action." Fed. R. Civ. P. 23(g)(3).[1]  In appointing interim class counsel, courts consider

7  four factors, including "(i) the work counsel has done in identifying or investigating potential

8  claims in the action; (ii) counsel's experience in handling class actions, other complex litigation,

9  and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and

10  (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P.

11  23(g)(1)(A)(i)-(iv).  The Court may also consider "any other matter pertinent to counsel's ability

12  to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

13  The Noi-Jinghua Family establishes that Pomerantz meets the Rule 23(g) factors.  ECF 30

14  at 18-19.  Pomerantz has extensive experience litigating securities class actions.  *See* ECF 30-7 at

15  3-9.  Pomerantz has previously served as lead counsel in high-profile securities class actions

16  where it successfully recovered on behalf of investors.  *Id.* at 3-4.  Pomerantz has also secured

17  significant settlements on behalf of investors.  *Id.* at 3.  Additionally, Pomerantz's previous

18  securities class actions have required considerable resources to effectively manage the litigation

19  and protect the interest of the class, demonstrating that the firm is capable of committing the

20  requisite resources to this case.  *Id.* at 11.  Given the statutory presumption in favor of lead

21  plaintiffs' selection of lead counsel and the Court's satisfaction with Pomerantz meeting the Rule

22  23(g) factors, Pomerantz is hereby **APPOINTED** to serve as interim class counsel.

**CONCLUSION**

24  For the foregoing reasons, the Court **GRANTS** the motions to consolidate the Related

25  Cases, **GRANTS** the Noi-Jinghua Family's uncontested motion for appointment as lead plaintiffs,

---

27  [1] The Noi-Jinghua Family seeks appointment of Pomerantz as lead counsel.  ECF 30 at 18.

28  Because the Court has not yet determined whether to certify a class, the Court limits the appointment of Pomerantz at this time to interim class counsel.  *See* Fed. R. Civ. P. 23(g)(3).

and **APPOINTS** Pomerantz to serve as interim class counsel.

 **IT IS SO ORDERED.**

Dated: July 25, 2023

                            _____

                            **ARACELI MARTÍNEZ-OLGUÍN**

                            **United States District Judge**

United States District Court
Northern District of California