UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNADY SHNAYDER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALLBIRDS, INC., et al.,<br><br>　　　　Defendants. | Case No. 23-cv-01811-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND & DENYING AS MOOT REQUEST FOR JUDICIAL NOTICE**<br><br>Re: Dkt. Nos. 64, 65 |

Defendants in this proposed securities fraud class action move to dismiss Plaintiffs' amended complaint and ask that the Court take judicial notice of 22 documents. ECF 64, 65. The parties' briefing reflects a lack of clarity as to which statements, or portions of statements, are allegedly false or misleading. For example, nested under the heading "Materially False and Misleading Statements Issued in the Registration Statement in Violation of Section 11 of the Securities Act" in the amended complaint are paragraphs 115 and 116. *See* ECF 52 at 29-30. Those paragraphs read:

> 115. As another reason for its success, the Company listed a "deep connection with our community of customers":
>
>> By making great products and telling the story of an inspirational, purpose-driven brand, ***we have formed a deep connection with our community of customers.*** We have sold our products to over four million customers since our founding.
>
> The Registration further touted that:
>
>> ***Approximately 53% of our net sales in 2020 came from repeat customers.***
>
> 116. While acknowledging the significance of Allbirds' core customers to the brand's success, the Registration Statement failed to disclose that the Company had begun neglecting its "deep

>
> connection with [its] community of customers" by shifting focus away from its core consumer and putting its resources toward overemphasizing new product offerings (e.g., apparel) extending beyond its core DNA.

ECF 52 ¶¶ 115-16.

Defendants challenge this statement, and others like it, as not actionable. ECF 64 at 27; ECF 78 at 9-10. In response, Plaintiffs assert that their complaint "does not allege [these statements are] misleading and makes clear [they are] set forth to demonstrate Defendants' recognition of 'the significance of Allbirds' core customers to the brand's success.' " ECF 77 at 23 n.4.

The Court cannot reconcile Plaintiffs' assertion with the allegations in the complaint, in which, Plaintiffs explain, they "often . . . use . . . bold and italicized font" to indicate "what portion of each statement is misleading." *Id.* at 35. Rather than guess as to which instances of bold and italicized font Plaintiffs intend to denote the statements (or portions of statements) they claim are false and misleading, the Court leaves it to Plaintiffs to make that clear – for each statement offered as a basis for their claims – in the first instance. *See Xiaojiao Lu v. Align Tech., Inc.*, 417 F. Supp. 3d 1266, 1275 (N.D. Cal. 2019) ("In light of Plaintiff's argument that most of the statements are provided 'solely for context,' the Court cannot discern which statements are alleged to be actionable and which are not. By failing to articulate *exactly* which statements Plaintiff asserts to be false or misleading, Plaintiff in effect insulates the Complaint from review . . . .") (emphasis in original); *In re Cisco Sys. Inc. Sec. Litig.*, No. C 11-1568 SBA, 2013 WL 1402788, at *6 (N.D. Cal. Mar. 29, 2013) (dismissing complaint where complaint "reference[d] over 100 statements, only some of which [we]re alleged to be false or misleading" and "[o]f those allegedly false or misleading statements, it [wa]s not entirely clear which part of the statements form[ed] the basis of Plaintiffs' claims.").

Accordingly, Defendants' motion to dismiss is **GRANTED** and their request for judicial notice is **DENIED AS MOOT**. Plaintiffs may file a second amended complaint within 30 days of this order. A chart with the information required by Paragraph J of the Court's Standing Order for Civil Cases is due 14 days thereafter. Courtesy copies of each document shall be delivered to

///

2

chambers within three days of filing, in compliance with Paragraph H.6 of the Court's Standing Order.

**IT IS SO ORDERED.**

Dated: May 10, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

3